[ORIGINA_

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

### - SOUTHERN DIVISION -

**03-70163**

**DENISE PAGE HOOD**

**Rob K. Wittstock,**

        Plaintiff,

Case No.

Honorable: **MAGISTRATE JUDGE CAPEL,**

-v-

U.S. DIST. COURT CLERK
EAST. DIST. MICH
DETROIT

'03 JAN 14 AM 49

FILED

**Paul Flaviani**
   - and -
**Casey Crampton,**

        Defendants.

---

Fred L. Gibson, P39530
Attorney for Plaintiff
38550 Garfield Road - Suite A
Clinton Township, MI 48038
586-416-2520 * 586-226-5534 [fx]

Roy J. Transit, P40034
Co-Counsel for Plaintiff
122 S. Rawless, Suite 130
Romeo, MI 48065
586-652-6600 / 586-752-6638 [fx]

---

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the complaint.

Fred L. Gibson P39530
Attorney for Plaintiff

# COMPLAINT

## &

## DEMAND FOR TRIAL BY JURY

For his Complaint, Plaintiff states:

1.  Plaintiff, Rob K. Wittstock, is a citizen of the United States, resident of the State of Michigan, County of Macomb.

2.  Defendant, Paul Flaviani, is a citizen of the United States, resident of the State of Michigan and, upon information and belief, a resident of the County of Oakland.

3.  Defendant, Casey Crampton, is a citizen of the United States, resident of the State of Michigan and, upon information and belief, a resident of the County of Oakland.

### Jurisdiction and Venue

4.  Jurisdiction is vested in the United States District Court pursuant to 28 U.S.C. §1331, §1343 & §1367. Further, the amount in controversy exceeds the minimum jurisdictional limitation of the District Court.

5.  Venue is proper in the Eastern District of Michigan as the events that gave rise to this lawsuit occurred in the County of Oakland, City of Pontiac.

### Common Allegations of Fact

6.  The events that give rise to this lawsuit were initiated by defendants Flaviani and/or Crampton, on November 1, 2001 at approximately 1:00 a.m. in the City of Pontiac, on Saginaw street in or about the area of *Have-A-Nice-Day* Cafe and *Tiki-Bob's*.

7.  On the date and time above stated, defendant Paul Flaviani was a sworn officer employed by the City of Pontiac in its police department. Upon information and belief, at the time of the events that gave rise to this lawsuit, Flaviani held the rank of police officer.

8.  On the date and time above stated, defendant Casey Crampton was a sworn officer employed by the City of Pontiac in its police department. Upon information and belief, at the time of the events that gave rise to this lawsuit, Crampton held the rank of police officer.

9.  That at all times relevant and material to the facts of this case, each defendant was acting under color of law [42 U.S.C. §1983].

10. That each defendant is being sued in his individual capacity.

11. That at all times relevant and material to the facts of this case, each defendant was charged with the duty and responsibility to enforce the constitution and laws of the State of Michigan and of the United States.

12. That at all times relevant and material to the facts of this case, each defendant was charged with the duty and obligation to execute their lawful, statutory duties within the parameters set forth by the constitution and laws of the State of Michigan and of the United States and was not to subject a private citizen, or cause a private citizen to be subjected to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the State of Michigan and United States.

13. That at all relevant times, plaintiff was a invitee lawfully within an establishment open to the public, more commonly known as *Tiki-Bob's*, located on S. Saginaw street, in the City of Pontiac.

14. That at all relevant times the establishment which plaintiff was lawfully within, as well as other establishments in the area, was recognizing Halloween and was decorated accordingly. Many of its patrons were dressed in costume as well.

15. While in *Tiki-Bob's* plaintiff observed another patron attired in a police uniform. Believing the person to be in costume, plaintiff made a comment to the person to the effect he had a good 'costume' on. The individual to whom plaintiff directed the comment responded that it was not a costume, that he was a police officer! Not believing the person's response, plaintiff made some further inane comment that resulted in additional commentary between the two.

16. The individual attired in police 'costume' (Flaviani or Crampton - hereafter referred to jointly as "defendant" as it is not known for certain which of the two officers took the action hereafter described) apparently took offense at certain of plaintiff's follow-up comment(s), ordering plaintiff from the establishment.

17. Defendant grasped plaintiff by the arm and walked plaintiff out of the establishment to the sidewalk at the same time telling plaintiff something to the effect that if he (plaintiff) went back inside he would be arrested for trespassing.

Page 3 of 9

18.  Confident that he had not violated any city ordinances or state statutes and having previously paid the requisite cover charge to gain entry into *Tiki-Bob's*, plaintiff returned inside to the company of his friends.

19.  Approximately an hour later plaintiff was confronted by defendant who appeared to be quite agitated, stating words to the effect: "*I thought I threw you out*".

20.  Suddenly, without warning by defendant or provocation by plaintiff, defendant grabbed plaintiff and violently threw plaintiff into a free standing ATM machine located in close proximity to where plaintiff was standing, causing severe injury to plaintiff's face.

21.  Dazed and bleeding profusely from two gaping wounds to his face plaintiff was forcefully removed from the premises by defendant.

22.  Once outside defendant demanded plaintiff produce identification. Still dazed by the blunt force trauma to his head plaintiff had much difficulty in retrieving identification from his wallet.

23.  Seeing the blood flowing freely from the two gaping wounds to plaintiff's face an EMT, who was nearby, told defendant plaintiff needed immediate medical attention.

24.  Plaintiff finally retrieved his identification and tried, as best he could, to hand it to the EMT, pleading with the EMT to take it as plaintiff was extremely fearful of what defendant was going to do to him next and wanted the EMT to know who plaintiff was in case his condition worsened.

25.  Because blood was flowing profusely from the wounds it entered plaintiff's mouth such that when plaintiff was pleading with the EMT to take his identification some blood was caused to spatter onto the EMT's face. Seeing that, defendant yelled to plaintiff that he was now under arrest for Assault & Battery on the EMT.

26.  The EMT again told defendant plaintiff required immediate medical attention for his wounds. Defendant refused to allow the EMT to tend to plaintiff, instead defendant handcuffed plaintiff and, after a few minutes, took plaintiff to the emergency trauma center at Pontiac Osteopathic Hospital.

Page 4 of 9

27. While at the hospital receiving the requisite emergency care and treatment for his wounds defendant hand delivered a citation to plaintiff. The citation notified plaintiff he was to appear at the 50th District Court in Pontiac on the charge of (1) Trespassing and (2) Simply Assault & Battery. Plaintiff was later released from police custody and hospital.

<u>Count I - Unlawful Seizure/Arrest in Violation of USCA 4th</u>

28. Plaintiff repeats each paragraph above as if fully set forth above.

29. That defendant was not possessed of the requisite facts that would lead any reasonable police officer in his position, on the date and time and under the circumstances with which defendant was confronted, to believe that plaintiff had committed or was committing act(s) constituting criminal trespass and/or assault & battery.

30. At all relevant times, it was established and defendant knew, or should have known, that all persons, particularly plaintiff was possessed of the right to be free from unlawful restraint, arrest and imprisonment, as guaranteed by the 4th Amendment to the United States Constitution.

31. That on November 1, 2001 and afterwards, despite his knowledge, defendant violated the law, the constitution and his sworn duty in that defendant acted knowingly, intentionally, and/or in reckless disregard and with deliberate indifference to plaintiff's rights and sensibilities as above described and more particularly by:

a) Arresting, seizing and imprisoning plaintiff on the charge of *Trespassing*, without probable cause to do so;

b) Arresting, seizing and imprisoning plaintiff on the charge of *Simple Assault & Battery*, without probable cause to do so.

32. That as a direct and proximate result of the wrongful act(s) and/or omission(s) attributable to defendant, plaintiff has sustained those injuries and damages as more fully described below.

<u>Count II - Excessive Force in Violation of USCA 4th</u>

33. Plaintiff repeats each paragraph above as if fully set forth below.

34.  That on the date and time above set forth, prior to and/or during his arrest by defendant, plaintiff was subject to the use of excessive force, as more fully described above, by defendant.

35.  That plaintiff did not invite such unlawful and excessive use of force upon him by defendant, nor was such excessive use of force warranted by any act or omission attributable to plaintiff.

36.  That on November 1, 2001 defendant violated the law, the constitution and his sworn duty in that he acted knowingly, intentionally, and/or in reckless disregard and with deliberate indifference to plaintiff's rights and sensibilities as above described and more particularly by:

   a.  Using force substantially in excess of that necessary to effectuate the arrest/seizure of plaintiff on the charge of *Trespassing*.

   b.  Using force substantially in excess of that necessary to effectuate the arrest/seizure of plaintiff on the charge of *Simple Assault & Battery*.

37.  That as a direct and proximate result of the acts and/or omissions attributable to defendant, as above described, plaintiff has sustained those injuries and damages more fully described below.

**Count III - Violation of Plaintiff's 1st Amendment Right of Free Speech**

38.  Plaintiff repeats each paragraph above as if fully set forth below.

39.  At all relevant times it was well established and defendant knew, or should have known, that all persons, particularly plaintiff, was possessed of the right to freedom of speech and expression, subject to certain narrow exceptions not applicable here, as guaranteed by the 1st Amendment to the United States Constitution.

40.  That on November 1, 2001 and afterwards, despite his knowledge, defendant violated the law, the constitution and his sworn duty in that defendant acted knowingly, intentionally, and/or in reckless disregard and with deliberate indifference to plaintiff's rights and sensibilities as above described and more particularly by arresting, seizing and imprisoning plaintiff in retaliation against plaintiff for exercising his right of free speech

Page 6 of 9

and expression.

41.   That as a direct and proximate result of the acts and/or omissions attributable to defendant, as above described, plaintiff has sustained those injuries and damages more fully described below.

### Count IV - Malicious Prosecution

42.   Plaintiff repeats each paragraph above as if fully set forth below.

43.   That subsequent to the arrest, seizure and imprisonment of Plaintiff, defendant instituted criminal prosecution against plaintiff for a) *Trespassing* and b) *Simple Assault & Battery*.

44.   That after the criminal complaint was filed against plaintiff, the criminal prosecution was ended in plaintiff's favor, with the charges being dismissed.

45.   That defendant lacked the requisite probable cause for the arrest and subsequent prosecution of plaintiff on the charge of Trespassing.

46.   That defendant lacked the requisite probable cause for the arrest and subsequent prosecution of plaintiff on the charge of Simple Assault & Battery.

47.   That defendant acted from malicious motives in the prosecution of plaintiff, i.e. in an attempt to cover up and / or substantiate the unlawful actions attributable to defendant on November 1, 2001 and afterwards.

48.   That on November 1, 2001 and afterwards, despite his knowledge defendant violated the public trust, the law and his sworn duty in that the acts of the defendant constituted gross negligence, or in the alternative, defendant acted knowingly, intentionally, and/or in reckless disregard and with deliberate indifference to plaintiff's rights and sensibilities as above described

49.   That as a direct and proximate result of defendant's unlawful acts and/or omissions on and after November 1, 2001, as above described, plaintiff has suffered those injuries and damages more fully set forth below.

### Damages

50.   That as a direct and proximate result of the breach of the duties with which defendant was charged, and resulting act(s) and/or omission(s), as more fully described in this complaint, Plaintiff suffered injuries and damages, to include, but not limited to:

a.      Blunt force trauma to face / head requiring emergency medical treatment;

b.      Two deep open wounds on the face requiring several sutures each to close;

c.      Extreme mental anguish, psychological distress, pain and suffering;

Page 7 of 9

d.     Humiliation, mortification, embarrassment, anger, frustration and despair;

e.     Loss of trust and faith in the police;

f.     Diminished enjoyment of the everyday activities and pleasures of life;

g.     Being placed in a false light in the public's eyes;

h.     Attorney fees to represent him in the defense of his criminal prosecution;

i.     Other damages as may be determined or otherwise becomes known throughout the course of discovery.

**Relief Requested:**

As and for each count above, Plaintiff requests Judgment enter against defendant for an amount substantially in excess of the minimum jurisdictional limitation of this Court, to include all compensatory, special, exemplary and/or punitive damages allowed by statute and case law, as well as the costs of this litigation, plus interest and statutory attorney fees.

Respectfully,

_____
Fred L. Gibson P39530
Attorney for Plaintiff
38550 Garfield Road, Suite A
Clinton Twp., MI 48038-3406
586-416-2520

_____
Rob K. Wittstock - Plaintiff

Page 8 of 9

ORIGINAL

## UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF MICHIGAN

### - SOUTHERN DIVISION -

Rob K. Wittstock,

      Plaintiff,

-v-

Paul D. Flaviani
  - and -
Casey Crampton,

      Defendants.

03-70163

Case No.   DENISE PAGE HOOD

Honorable:
    MAGISTRATE JUDGE CAPEL,

Fred L. Gibson P39530
Attorney for Plaintiff
38550 Garfield Rd., Suite A
Clinton Twp., MI 48038
586-416-2520 / 586-226-5534 [fx]

### DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury of those allegations and Counts so triable.

Fred L. Gibson P39530
Attorney for Plaintiff

Page 9 of 9